**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**ROBERT BLAKE,**

**Plaintiff,**

**v.** **Case No. 2:10-cv-00031**

**DAVID MILLER, CO II,**
**JEREMY ARBOGAHST, CO II,**
**RAY MAZA, Case Manager,**
**TIM CARROL, Counselor,**
**PRICE MAZE, Sgt.,**
**JANE DOE, Nurse,**
**PAM __________, Nurse,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Plaintiff Robert Blake has filed numerous documents in this court since October of 2009.[1] The undersigned finds it necessary to discuss these filings in detail.

Plaintiff's first letter-form complaint

On October 20, 2009, the Clerk filed a letter-form complaint which named the following employees of the West Virginia Division of Corrections: Sergeant Price Maze, David Miller, CO I, nate Kendrick, CO, Trustee Clerk, Tim Carle, Counselor, and Mary Ann Kendrick, Nurse. The letter-form complaint stated that Plaintiff wanted to file a lawsuit against them "about them missin [sic;

[1] Since the filing of the Complaints discussed herein, Plaintiff has filed 15 other civil actions in this court, and numerous amended complaints within those actions, all of which fail to state a claim upon which relief can be granted.

messing] with my money the way thay [sic; they] are" and "about my check been cut open by CO I David Miller." (Case No. 2:09-cv-01153, # 1 at 1). On October 21, 2009, the Clerk's Office mailed Plaintiff a letter advising him that his letter-form complaint had been filed as a new civil action and explaining that his complaint was not filed on the proper form. The Clerk enclosed four copies of a "Complaint by a Prisoner under the Civil Rights Act, Title 42, United States Code, Section 1983," with instructions for the same, an "Application to Proceed in forma pauperis and Affidavit," an explanation of the filing fees and proceeding in forma pauperis, an "Authorization to Release Institutional Account Information and to Pay Filing Fee" and six United States Marshal Process Receipt and Return forms. (Id., # 3). The letter requested that Plaintiff complete the forms and return them to the Clerk's Office within 30 days.

Plaintiff did not return the completed forms to the Clerk, so on December 2, 2009, the undersigned filed a document entitled "Proposed Findings and Recommendation" (hereinafter "PF&R") recommending that the letter-form complaint docketed in Case No. 2:09-cv-01153 be dismissed, without prejudice, for failure to prosecute. (Id., # 4). Plaintiff did not object to the PF&R. On January 6, 2010, the presiding District Judge, the Honorable David A. Faber, Senior United States District Judge, issued a Memorandum Opinion and Order adopting the undersigned's PF&R and dismissing

the letter-form complaint and closing Case No. 2:09-cv-01153. (Id., ## 5 and 6).

Plaintiff's second letter-form complaint

On January 13, 2010, Plaintiff filed another letter-form complaint, which named the following DOC employees: Sgt. Price Maze, Counselor Jessiae [sic; Jessica] Miller, CO Ray Maze, and Counselor Tim Carrall, and an unnamed nurse. The letter-form complaint states as follows [misspellings corrected where possible]:

> I am writing this to you [concerned about] my right hand getting smash[ed] by Sgt. Price Maze and Counselor [Jessica] Miller and CO Ray Maze and Counselor Tim Carrall. And about my big print Bible getting tore up by Counselor [Jessica] Miller and about them [messing] with my mail, the way [they] are. The one is [messing] with it is CO David Miller and Counselor Tim Carrall and Sgt. Price Maze. And about my nut sack getting cut off by a nurse, work here. If it not to[o] late to file a lawsuit on this [matter] I would like to [file] one. I hope to hear back from you soon from inmate Robert Blake DOC 23615. I sent you one letter and never did get a response back. And about the Trustee Clerk Abbri Hart [messing] with my money the way [they] are.

(Case No. 2:10-cv-00031, # 1).

On January 19, 2010, the Clerk's Office again mailed Plaintiff a letter advising him that his second letter-form complaint had been filed as a new civil action and explaining that his complaint was not filed on the proper form. The Clerk enclosed four copies of a "Complaint by a Prisoner under the Civil Rights Act, Title 42, United States Code, Section 1983," with instructions for the same, an "Application to Proceed in forma pauperis and Affidavit," an

explanation of the filing fees and proceeding in forma pauperis, an "Authorization to Release Institutional Account Information and to Pay Filing Fee" and six United States Marshal Process Receipt and Return forms. (Id., # 3). The letter requested that Plaintiff complete the forms and return them to the Clerk's Office within 30 days. (Id.)

On February 4, 2010, the Clerk's Office received a letter from Plaintiff requesting additional United States Marshal Process Receipt and Return forms, and indicating that the forms previously sent to Plaintiff had been torn up. The February 4 letter further states [misspellings corrected where possible]:

> I would like to see if I can add some other [things] on this lawsuit. [What] I would like to add on there is wherever Pam [broke] a nail off in my arm. And where CO Brand Birch [?] [every] time she works she spray that seems 4.3 in my cell and [leave] me in the there. And [another thing] I would like to add on this is where CO E.D. came in my cell and tore up my picture and where [they] are deny[ing] me dental [treatment]. And where Counselor Tim Carrall he cut out my ear [drum] and I would like to put on them is where I was [snake] bite. The one [that] put the [snake] in my cell was Sgt. Price Maze and the other [thing] I would like to put on there is where Nurse Mary Ann signed my name to a sick call slip and [another thing] I would like to put on there is where [they] are denying me my store call. Hop[e] to hear back from you all soon. From inmate Robert Blake Q I Pod 5 Cell 507.

(# 4 at 1-2).

On March 5, 2010, the Clerk received another letter from Plaintiff, which states as follows:

> I am writin[g] this to you about some stuff that is going on. One [thing] is I ordere[d] a TV, Feb 4 2010 and it

> is here and [they] [won't] give it to me. The one [who] [won't] give it to me is CC II Counselor Joeye Ellitt and CO ED and the one [who] work[s] at the state [shop.] And is that other lawsuit I got in is it still pending [or] was it [dismissed]. If it was [dismissed] is there [any] way I can reopen it. I sent them U.S. [Marshal] forms back in and I never heard [anything] back so if I can I would like to see if I can reopen that one I did have in. Here is the case number on that one that I did have in. Civil Case No. 2-10-cv-00031. Thank you for your time, inmate Robert Blake # 23615. QI Pod 5 Cell 507.

(# 6 at 1).

On March 16, 2010, the Clerk's Office received a letter from Plaintiff enclosing partially completed USMS-285 forms. That letter states:

> I am writin[g] this to you about that lawsuit I got in. I am sending you this letter along with these forms. I cannot get the 1983 complaint under 42 U.S.[C.] 1983. I am sending you these U.S. Department of Justice United States Marshals Service I got them [filled] out. And about them [turning] the heat off again and about them [turning] my hot water off in my cell. I don't [want] to drop this so [what] do I have to do [to] get this [?] before it run out and about [?] I try to mail out a letter CO ED and CO David Miller hit me with the mail box and about them [making] [a] copy of my mail when I get mail in. Thank you for your time, Robert Blake # 23615 QI Pod 5 Cell 507.

(# 7 at 1).

On March 17, 2010, the Clerk mailed a letter to Plaintiff advising Plaintiff that his case remained open. The Clerk also enclosed new a section 1983 complaint and other forms and directed Plaintiff to complete them and return them immediately. (# 8).

On March 23, 2010, the Clerk received an Application to Proceed Without Prepayment of Fees and Costs, with an incomplete

Certificate section, and a section 1983 Complaint form from Plaintiff. Those documents are docketed as docket sheet documents ## 9 and 10. The Complaint form names Jessica Miller, CO Ray Maze and Sgt. Price Maze as defendants. (# 10 at 1, 4). The Statement of Claim section of the Complaint states as follows:

> [They] came to my cell and drop a TV on my hand and when I was [celling] [upstairs] on G2 I ask[ed] Counselor Jessica Miller to take a big print Bible to the state shop to have it [taken] off my books so I could mail it out and [instead of] her doing that she tore it up.

(# 10 at 4). The Relief section of the Complaint document states:

> And [what] I would [like] for the court to do about that is [suspend] them and make her pay for my Bible and get me moved to another [institution].

(<u>Id.</u> at 5). Plaintiff also attached another letter written to the Court, which states:

> I am [writing] this letter along with these forms. [There is] some [other] stuff I [want] to add on this lawsuit is where Nurse Pam [broke] a [nail] off in my arm and the other [thing] is where that post office [every] time I send a letter out a letter it don't go out and about Nurse Mary Ann [signing] my name to [a] bunch of sick call slip[s] and about medical [denying] me medical treatment and about that store men in with my store call [every] time I put in a store call slip in. [They] mark stiff off of my store call slip. This stuff right here I would like to add on this lawsuit. Thank you for your time from inmate Mr. Robert Blake # 23615 QI Pod 5 Cell 507.

(# 10 at 8).

On March 29, 2010, with the assistance of another inmate who can write better than Plaintiff, Plaintiff filed an Amended Complaint by Plaintiff (# 11). The Amended Complaint names the

following defendants: CO II David Miller, CO II Jeremy Arbogahst, Case Manager Ray Maza, Counselor Tim Carrol, Sgt. Price Maze, Nurse Jane Doe, and Nurse Pam ________. (# 11 at 2-3). The Amended Complaint states in pertinent part:

> 13. Defendants in this case violated your Plaintiff's Constitutional Rights. His 8th Amendment Right to be free from cruel and unusual punishment was violated.
>
> 14. Plaintiff states that defendants broke a syringe needle off in his arm. Placed a venemous snake in his cell, which bot him, shot at him through a broken window, smashed him in the ear, causing deafness, which is permanent.
>
> 15. Plaintiff filed grievances concerning these matters, and they were rejected, because they was unreadable. Plaintiff must rely on other inmates to compose and write on his behalf, to make this Complaint legible.
>
> 16. Plaintiff's handwriting makes it impossible for him to prepare this case and submit law -request forms for legal material.
>
> 17. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be injured by the conduct of the defendants.

(Id. at 3-4). In the Amended Complaint, Plaintiff seeks a jury trial, and compensatory and punitive damages. (Id. at 4-5).

On January 29, 2010, as the result of Plaintiff filing this and numerous other Complaints in this court, the undersigned conducted a video status conference with Plaintiff and attorney Brian J. Moore of the law firm of Dinsmore & Shohl, counsel for defendants David Miller and Tim Carroll, two defendants in the

instant civil action who had been served with process. Attorney Joseph M. Farrell, Jr., of the law firm of Farrell, Farrell & Farrell, appeared on behalf of Nurse Jane Doe and Nurse Pam. Defendants Jeremy Arbogahst, Ray Maza and Price Maze have not been served with process.

The court discussed Plaintiff's education level and current housing status at the Mount Olive Correctional Complex. The court further explained to Plaintiff the consequences of 28 U.S.C. § 1915(g), which governs the filing of frivolous litigation by prisoners. This rule is also known as the "three strikes" rule. The court further explained to Plaintiff that the court is not in charge of the Division of Corrections and that only cases which are very serious go forward. Accordingly, much of the relief sought by Plaintiff is unavailable through this court.

Plaintiff was placed under oath and questioned about the various claims contained in his Complaint and other documents submitted in this matter, including numerous letters received from Plaintiff. The following agreements were reached on the record during the status conference:

1. Plaintiff agreed to voluntarily dismiss Nurse Jane Doe and Nurse Pam as defendants in this matter. Plaintiff had filed a letter-form motion to that effect (# 38-2). Accordingly, Nurse Jane Doe and Nurse Pam were dismissed as defendants in this matter, with prejudice. (Order entered September 30, 2010, # 40.)

2. Plaintiff agreed to voluntarily dismiss all of the claims contained in his Complaint and other documents received, except for his claim that his chest was cut open by defendants David Miller and Tim Carroll, and that these same two defendants smashed him in the ear, causing deafness. Plaintiff also wished to pursue a claim concerning an alleged assault with a broom handle by two other correctional officers, whose names were not known at that time. The undersigned directed Mr. Moore to request that prison authorities investigate the incident involving the broom stick and to provide a report stating his clients' position on the alleged incidents involving the cutting of Plaintiff's chest and the smashing of his ear.

3. Despite the fact that his clients had been dismissed, Mr. Farrell agreed to provide Plaintiff, Mr. Moore, and the court with a complete copy of Plaintiff's medical records for the years 2008 and 2009, free of charge. Those records were provided on or about October 1, 2010 (# 41).

On October 15, 2010, Mr. Moore provided the report previously ordered by the court (# 44). The report states:

> Counsel has spoken with Deputy Warden Marvin Plumley of the Mount Olive Correctional Complex, and requested that the prison conduct an investigation regarding the alleged incident involving the broom stick. It is anticipated that such investigation will be completed within approximately one week.
>
> Counsel has also spoken with David Miller. Mr. Miller denies committing any of the activities mentioned above. Moreover, he has no knowledge of anyone else

> committing such activities against Plaintiff. *See* Affidavit of David Miller attached as Exhibit A. Counsel has been unable to reach Tim Carroll, but has left multiple messages for him. Mr. Caroll no longer works for Mount Olive. [FN 1 - Counsel will supplement this report as soon as he is able to speak with Mr. Carroll.]
>
> Counsel has reviewed the medical records pertaining to Plaintiff's incarceration at Mount Olive Correctional Complex. Those records reveal that he has received routine medical treatment on a number of occasions. There are no medical records that would suggest he received any cuts to the chest or impacts to the ear. [FN 2 - Likewise, there are no medical records that would suggest Plaintiff was the victim of any assault with a broomstick.]
>
> Finally, a review of the transcript from the September 29, 2010 status conference in this matter reveals that Plaintiff's allegations against David Miller and Tim Carroll amount to nothing more than pure speculation. Plaintiff admits that he has no proof that David Miller and/or Tim Carroll cut open his chest. He testified simply that "it must have been" them because "the inmates didn't do it." (Tr., p. 5). As for his allegation that he was smashed in the ear, he testified that "I don't know whether they had a hand in it or not." (Tr., p. 6). In responding to the Court's question, "Did Mr. Miller or Mr. Carroll do anything to your ear?" Plaintiff responded, "***I don't know whether they - - I don't know***, but like I said, my - - sometimes I lay up there in that cell and my - - and my ear hurts." (Tr., p. 7)[emphasis added]. And as set forth above, the medical records do not suggest that Plaintiff ever suffered any injury to his chest or his ear. Therefore, based on all of the above, and for the reasons previously set forth in Defendant's Motion to Dismiss, Defendants ask that this case be dismissed with prejudice.

(# 44 at 1-2).

On October 20, 2010, Plaintiff filed an Amended Complaint (# 45). In the Amended Complaint, Plaintiff named "inmate Ron William" and "some other inmate," and "Nurse Mary Ann Kendrick" and "Nurse B.J." as defendants. The Amended Complaint alleges that it

was the two named inmates and the two nurses who came to his cell and cut open his chest and cut out his ear drum. (Id. at 4). Plaintiff asks the court to suspend the two nurses, and to give the inmates new charges, and to move him to another institution. (Id. at 5).

On November 3, 2010, Mr. Moore filed a "Supplemental Report to the Court Regarding Plaintiff's Allegations Against Defendants David Miller and Tim Carroll" (# 47). The Supplemental Report indicated that Mr. Moore had still been unable to make contact with defendant Tim Carroll. The Supplemental Report also included the written report made by the authorities at the Mount Olive Correctional Complex (hereinafter "MOCC") regarding their investigation of Plaintiff's allegations. Because of the sensitive nature of Plaintiff's allegations and the personal information and identifiers contained in the report, the undersigned directed that the report be filed under seal. (## 46, 47 and 48).

The Supplemental Report states:

> As the Report shows, Plaintiff's allegations are unsubstantiated. Further, Plaintiff's Amended Complaint, filed on October 20, 2010, exonerates Defendants Miller and Carroll. In that Amended Complaint, Plaintiff contends that it was Inmate Ron Williams, "Some Other Inmate," Nurse Mary Ann Kendrick, and Nurse BJ who injured his chest and ear. [FN 1 - In any event, Mount Olive's investigation revealed that the allegations were unsubstantiated.]
>
> Therefore, based on all of the above, and for the reasons previously set forth in Defendant's Motion to Dismiss, Defendants ask that this case be dismissed with prejudice.

(# 47 at 1).

After being served with process, Defendants Miller and Carroll filed a Motion to Dismiss Plaintiff's Complaint (# 25) and a Memorandum in Support Thereof (# 26). The Motion to Dismiss contends, inter alia, that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the standard set forth below.

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**ANALYSIS**

The defendants' Motion to Dismiss cites to Iqbal, *supra*, and asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Upon review of the Plaintiff's Complaint documents and the report concerning the investigation of Plaintiff's allegations by MOCC authorities, it is apparent that Plaintiff's allegations are unsubstantiated and lack credibility.

Plaintiff's allegations that he was assaulted with a broomstick cannot be substantiated. Although Plaintiff states that he reported the incident to an unnamed female counselor who is no longer employed at MOCC, he could not name any correctional officers or inmates who were allegedly involved. There is no documentation or evidence to support Plaintiff's claim, as he also did not report any such incident to the medical unit, nor was he examined for any alleged sexual assault. Finally, the inmate identified by Plaintiff as "Outlaw" who was allegedly involved was interviewed and denied any such conduct or that he would have been around Plaintiff anywhere except in the recreation yard because of the procedures on the Quilliams I segregation unit.

Plaintiff also alleged that the two correctional officers who are named as defendants herein came into his cell while he was sleeping and cut his chest. Then, in his Amended Complaint, Plaintiff stated that it was two inmates and two nurses who entered his cell while he was sleeping and cut open his chest and cut out

his ear drum. In the course of the investigation, Plaintiff told the investigator that it was defendants Miller, Carroll and inmate Ron Williams who cut his chest and his right ear, and that two nurses were present and used an oxygen mask to put him to sleep when this happened. Later in the investigation, Plaintiff asked to remove inmate Williams because he wasn't sure if he was there. This statement was similar to statements made by Plaintiff in the course of the video status conference where Plaintiff would allege that a certain person committed a certain act and then state that he couldn't be sure that the person actually did it.

Moreover, Plaintiff's medical records do not indicate that Plaintiff has or has ever had a pacemaker put into his chest, as alleged, nor is there any evidence to support his claim that either his eardrum was cut out or that part of his ear was cut off. However, the investigation report indicates that Plaintiff does have a two inch scar on his chest.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Amended Complaints and related documents fail to state a claim upon which relief can be granted and it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by defendants David Miller and Tim Carroll (# 25), and dismiss this matter with prejudice under Rule 12(b)(6) and 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

The parties are notified hat this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

January 10, 2011
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge