IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT BLAKE,

        Plaintiff,

v.                                           CIVIL ACTION NO. 2:10-cv-00031

DAVID MILLER, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Robert Blake's first Amended Complaint [Docket 11] and second Amended Complaint [Docket 45]. By Standing Order entered August 1, 2006, and filed in this case on January 13, 2010, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed her PF&R [Docket 50] on January 10, 2011, recommending that this Court dismiss Petitioner's complaints as frivolous and malicious and for failing to state a claim on which relief can be granted.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on January 27, 2011. To date, no objections have been filed. Nonetheless, because the Court's resolution of this matter slightly differs from that of the magistrate judge's recommendation, a brief discussion follows.[1]

28 U.S.C. § 1915(a) authorizes district courts to waive payment of court costs and fees and accept lawsuits filed by indigent litigants. This provision "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). Recognizing the unique potential for abuse that accompanies the removal of self-payment, Congress conferred discretion upon district courts to *sua sponte* dismiss an *in forma pauperis* action if "at any time the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e). Congress also provided that a "court shall review . . . as soon as practicable . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee." 28 U.S.C. § 1915A(a). On review, the Court

---

[1] The magistrate judge recommends dismissing the complaints for failure to state a claim on which relief may be granted. However, such dismissals must focus on the four corners of the complaint and should not be "based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). While the magistrate judge bases her recommendation to dismiss largely—if not exclusively—on the failure to state a claim pursuant to Rule 12(b)(6), the PF&R thoroughly examines and undercuts a substantial portion of the facts alleged in the complaints and presented in informal hearings. Frivolity, and not failure to state a claim, is the proper rationale for dismissing this case based on a warranted disbelief of Petitioner's alleged facts.

is instructed to dismiss all or part of the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b).

Neither 28 U.S.C. § 1915A nor the accompanying congressional reports defines the term "frivolous." The Fourth Circuit and Supreme Court have fleshed out the term, however. In *Neitzke v. Williams*, the Supreme Court remarked on this provision by stating: "the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual contentions include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. This unusual power "means that the district court is not bound to 'accept without question the truth of the plaintiff's allegations' as it might be when considering a motion under Rule 12(b)(6)." *Nasim*, 64 F.3d at 954 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). It allows "the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." *Id.* (citing *Denton*, 504 U.S. at 32-33).

The magistrate judge made ample findings to support the conclusion that Mr. Blake's complaints are factually baseless. Petitioner makes several allegations that immediately ring of the fantastic, including: (1) Blake was castrated by an unnamed nurse, Docket 1 at 1; (2) "Nurse Pam" intentionally broke a syringe needle off in Blake's arm, Docket 4 at 1-2; (3) Corrections Officer David Miller and Counselor Tim Carroll cut out Blake's eardrum, Docket 4 at 1-2; (4) Sergeant Price Maze loosed a snake in Blake's cell, and he suffered a venomous snake bite, Docket 4 at 2; (5) an unnamed individual shot at Blake through a broken window, Docket 11 at 4; and (6) Officer David Miller and Counselor Tim Carroll cut open Blake's chest, Docket 33 at 4. As the magistrate

judge adequately details, these allegations are utterly unbelievable, wholly without proof, and at times contradictory. Further, at a status conference held before the magistrate judge, and after exploring the factual underpinnings for the allegations, Mr. Blake agreed to voluntarily dismiss all claims except for numbers (3) and (6), above. Moreover, as to allegation number (3), Mr. Blake stated "I don't know whether they [Miller and Carroll] had a hand in it [smashing Blake's ear] or not" and "I don't know whether they—I don't know, but like I said, my—sometimes I lay up there in that cell and my—and my ear hurts." (Docket 50 at 10.) As to allegation number (6), a review of Mr. Blake's medical records revealed that he has not received treatment for a chest wound since his incarceration. (*Id.*) As painstakingly reviewed and set forth by the magistrate judge, Mr. Blake's subsequent allegations fail as frivolous for similar reasons. Based on the forgoing facts as found by the magistrate judge, the Court **FINDS** that Mr. Blake's factual allegations are baseless and his complaints are therefore frivolous under 28 U.S.C. § 1915A.

Accordingly, the Court **ADOPTS** the PF&R [Docket 50] to the extent its recommendation is based on frivolity; **DISMISSES** the amended complaints [Dockets 11 and 45]; and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 3, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE